Donald O. COLLIER, Plaintiff-Appellee,

v.

The CITY AND COUNTY OF DENVER,
Defendant-Appellant.

No. 83CA1188.

Colorado Court of Appeals,
Div. I.

Aug. 23, 1984.

Rehearing Denied Sept. 27, 1984.

Certiorari Granted March 11, 1985.

Radosevich & Stokes, C.M. Radosevich, Denver, for plaintiff-appellee.

Halaby & McCrea, P.C., Theodore S. Halaby, Leslie L. Schluter, Denver, for defendant-appellant.

BABCOCK, Judge.

The City and County of Denver (City) appeals the trial court judgment awarding attorney's fees to plaintiff, Donald O. Collier, pursuant to 42 U.S.C. § 1988. The City contends that the trial court erred in that plaintiff's allegations of simple negligence in the training, supervision, and retention of a police officer failed to state a claim for relief under 42 U.S.C. § 1983. We agree with the City's contention and, therefore, reverse the judgment of the trial court.

The original action arose from a shooting incident which occurred when a City police officer shot plaintiff while attempting to arrest him. Plaintiff's action included a claim against the City alleging a violation of his civil rights under 42 U.S.C. § 1983 as a result of the negligent training, supervision, and retention of the police officer. The action was settled prior to trial.

Thereafter, plaintiff filed a motion for attorney's fees under 42 U.S.C. § 1988. The trial court concluded that plaintiff was the "prevailing party" under 42 U.S.C. § 1988 and awarded attorney's fees to the plaintiff.

42 U.S.C. § 1983 provides in pertinent part:

"Every person who, under color of any statute ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunity secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress."

42 U.S.C. § 1988 provides in pertinent part:

"In any action or proceeding to enforce a provision of section[s] ... 1983 ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Although there are contrary decisions, a majority of courts have held that it is questionable whether simple negligence on the part of a defendant in a 42 U.S.C. § 1983 action can give rise to liability thereunder. *See, e.g., Smith v. Hill,* 510 F.Supp. 767 (D.Utah 1981). As a result of the conflicting rulings, the United States Supreme Court addressed the issue in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

In *Parratt,* as here, the plaintiff alleged deprivation of his Fourteenth Amendment rights. And, as here, plaintiff's claim met three prerequisites of a due process claim: (1) The defendant had acted under color of state law; (2) a Fourteenth Amendment interest was affected; and (3) the plaintiff's alleged loss, even though negligently caused, amounted to a deprivation of a Fourteenth Amendment right. Nevertheless, the court stated:

"Standing alone, however, these three elements do not establish a violation of the Fourteenth Amendment. Nothing in that amendment protects against all deprivations of life, liberty, or property by the state. *The Fourteenth Amendment protects only against deprivations 'without due process of law.'* *Baker v. McCollan,* 443 U.S. [137] at 145, 61 L.Ed.2d 433, 99 S.Ct. 2689, [at 2695]. Our inquiry, therefore, must focus on whether the respondent has suffered a deprivation of property without due pro-

cess of law. *In particular, we must decide whether the tort remedies which the state of Nebraska provides as a means of redress for property deprivations satisfies the requirements of procedural due process."* *Parratt v. Taylor, supra* (emphasis added).

The court concluded that Nebraska law provided the plaintiff with a means by which he could be redressed for deprivation of his Fourteenth Amendment right and that the remedy to persons who believe they have suffered a tortious loss at the hands of the state was adequate despite the absence of a provision for an award of punitive damages or a right to trial by jury. Hence, concluding that Nebraska's remedy was sufficient to satisfy the requirements of due process, the court in *Parratt* held that the plaintiff had failed to allege a violation of the due process clause of the Fourteenth Amendment sufficient to state a claim under 42 U.S.C. § 1983.

In rejecting simple negligence as a basis for a 42 U.S.C. § 1983 claim where state law affords an adequate remedy, the court reasoned that:

"[A]ny party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983. Such reasoning 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the states.' *Paul v. Davis,* 424 U.S. 693, 701, 47 L.Ed.2d 405, 96 S.Ct. 1155 (1976). We do not think the drafters of the Fourteenth Amendment intended the Amendment to play such a role in our society." *Parratt v. Taylor, supra.*

We conclude that the Colorado Governmental Immunity Act § 24–10–101, et seq., C.R.S. (1982 Repl.Vol. 10), likewise affords plaintiff an adequate remedy to obtain redress for deprivation of his liberty interests. Thus, plaintiff has failed to establish a violation of the due process clause of the Fourteenth Amendment and, consequently, has no claim upon which relief may be granted under 42 U.S.C. § 1983.

Accordingly, plaintiff is not entitled to an award of attorney's fees under 42 U.S.C. § 1988.

Plaintiff's assertion that the City failed to file a timely motion for new trial is without merit.

Having reached this conclusion, we need not consider the City's remaining contentions of error.

The judgment of the trial court is reversed, and the cause is remanded with direction to deny the motion of the plaintiff for attorney's fees.

PIERCE and STERNBERG, JJ., concur.