Gerald A. BROWN, Plaintiff–Appellant,

v.

The CITY OF COLORADO SPRINGS,
Defendant–Appellee.

No. 86CA0690.

Colorado Court of Appeals,
Div. III.

Dec. 31, 1987.

Edward J. LaBarre, Colorado Springs, for plaintiff-appellant.

Susemihl, Lohman, Kent, Carlson & McDermott, P.C., Kathleen A. Carlson, Colorado Springs, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Gerald A. Brown, appeals from a partial summary judgment in favor of defendant, City of Colorado Springs (City). We affirm.

Accepting plaintiff's pleadings as true, we find the record reveals the following. In October 1983, plaintiff and another policeman arrested the son of a former Colorado Springs police captain. During the arrest, the suspect became unruly and plaintiff accidentally struck him in the face with a police radio.

In November 1983, the Colorado Springs Police Department (CSPD) brought disciplinary charges against plaintiff alleging that he had used excessive and unreasonable

force during the October arrest. The City Manager held a disciplinary hearing regarding these charges. Following the hearing, plaintiff was suspended for ten days and his status as a master patrol officer was revoked, causing him to lose both salary and promotional opportunity.

Plaintiff's suspension was reversed on procedural grounds by the city's civil service commission in February 1984. However, plaintiff's master patrol status was not restored, and he was denied the opportunity to reapply for this status for two years.

As a result of this demotion, plaintiff suffered physically, emotionally, and psychologically. He was, at one point, declared unfit to continue work as a patrolman and removed from active duty. However, he later recovered.

In January 1985, plaintiff sued for damages alleging negligence, intentional infliction of emotional distress, breach of contract, and an intentional and negligent deprivation of substantive due process under 42 U.S.C. § 1983. The city filed two motions for summary judgment.

Between the filing of the two motions, plaintiff filed a workmen's compensation claim, apparently covering his absence from active duty. As a result, he received temporary total disability benefits and psychiatric counselling.

As to the city's first motion, the trial court determined that any recovery of personal injury damages under theories of negligence, intentional infliction of emotional distress, and breach of contract was barred by the exclusivity clauses of the Workmen's Compensation Act. The motion was denied as to the other elements of damage claimed under these state theories. The trial court further ruled that plaintiff could seek damages for personal injury under 42 U.S.C. § 1983.

The trial court later granted the city's second motion for summary judgment as to plaintiff's claim for personal injury under 42 U.S.C. § 1983. This motion was also granted as to plaintiff's 42 U.S.C. § 1988 claim for attorney fees incurred in the CSPD disciplinary proceeding. In all other respects, the second order incorporated the first. The judgment, based upon the second order, was made final for purposes of appeal pursuant to C.R.C.P. 54(b).

## I.

Plaintiff first contends that the trial court erred in granting summary judgment as to his personal injury claims under 42 U.S.C. § 1983. We disagree.

## A.

In *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), the Supreme Court held that Fourteenth Amendment due process protections are not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property. Accordingly, *Daniels* and *Davidson* are dispositive as to the totality of plaintiff's 42 U.S.C. § 1983 claims sounding in negligence.

## B.

Plaintiff, pursuant to 42 U.S.C. § 1983, also alleges a deprivation of a liberty interest by a Fourteenth Amendment substantive due process violation resulting from the intentional infliction of emotional distress by city employees acting in their official capacity. Plaintiff does not allege a procedural due process violation premised on an asserted failure of the city to afford him proper notice and opportunity for hearing.

Not every injury to an individual's life, liberty, or property caused by a governmental employee constitutes a deprivation without due process of law compensable under 42 U.S.C. § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), *Daniels v. Williams, supra; Davidson v. Cannon, supra. See also* Bandes, Monell, Parratt, Daniels, & Davidson, *Distinguishing a Custom or Policy from a Random, Unauthorized Act*, 72 Iowa L.Rev. 101 (1986) (An increasing number of

these injuries are being defined by the Supreme Court as "state torts", remedied purely through the operation of state common law and state statutes with no constitutional implications).

Moreover, 42 U.S.C. § 1983 may not be applied to circumvent state remedies; allowing § 1983 to operate as an alternative for state tort law "would make of the Fourteenth Amendment a font of tort law to superimpose upon whatever systems may already be administered by the states." *Parratt, supra, quoting, Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). *See also Collier v. City & County of Denver,* 697 P.2d 396 (Colo.App.1984), *cert. dismissed,* 716 P.2d 1124 (Colo.1986).

■ We conclude that under *Parratt, Hudson, Daniels* and *Davidson,* in order to impose § 1983 liability upon a governmental entity, a plaintiff must establish the following: (1) defendant or defendants acted under color of state law; (2) plaintiff was deprived of life, liberty, or property without due process of law; and (3) the act or acts complained of were the result of an established custom and policy, and were not random and unauthorized. Accepting plaintiff's allegations as true, we conclude plaintiff has failed to raise material questions of fact as to the third element, and as a matter of law, the acts complained of were random and unauthorized. Thus, the trial court did not err in its award of summary judgment upon plaintiff's 42 U.S.C. § 1983 claim.

Since plaintiff is alleging intentional infliction of emotional distress, the actions of city's employees were, by definition, intentional and, thus, presumptively at least, "random and unauthorized." Plaintiff has not shown, by affidavit or otherwise, that the acts complained of were part of any CSPD custom and practice. Accordingly, the random and unauthorized acts alleged here fall outside the gamut of Fourteenth Amendment due process protections, and are not compensable pursuant to 42 U.S.C. § 1983.

## II.

Plaintiff next contends that the trial court erred in granting summary judgment as to his claim for attorney fees incurred, but not claimed, in the disciplinary proceeding. We disagree.

■ Under 42 U.S.C. § 1988, a court is authorized to award attorney fees in an action to enforce 42 U.S.C. § 1983. However, § 1988 does not authorize an award of attorney fees for actions other than those brought specifically to enforce the federal civil rights laws. *North Carolina Department of Transportation v. Crest Street,* — U.S. —, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986).

■ Plaintiff sought fees incurred in the defense of a separate administrative proceeding. No such recovery is permitted when, as here, the administrative proceeding does not specifically address civil rights violations. Further, plaintiff neither claimed § 1988 attorney fees in the disciplinary proceeding, nor did he assert by affidavit that any discrete portion of the work product from the disciplinary proceeding was both useful and necessary to advance his civil rights litigation. *See North Carolina Department of Transportation v. Crest Street, supra.* Moreover, plaintiff's attorney fees incurred as a result of the disciplinary proceeding remains as an element of damages in the claims still pending in the trial court. Hence, summary judgment was entered correctly also as to this claim.

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.