James A. KEELAN, Plaintiff–Appellant,

v.

JOINT SCHOOL DISTRICT 28J OF the COUNTIES OF ADAMS AND ARAPAHOE; Richard A. Sharkey, as an individual and as an employee, agent, and administrative officer of District 28J, Defendants–Appellees.

No. 87CA0768.

Colorado Court of Appeals, Div. V.

Nov. 3, 1988.

Glenn A. Bergmann, Lakewood, for plaintiff-appellant.

Holland and Hart, Sandra R. Goldman, Morris, Lower and Sattler, Bruce W. Sattler, Denver, for defendants-appellees.

NEY, Judge.

Plaintiff, James A. Keelan, appeals from the trial court's dismissal of his claim under 42 U.S.C. § 1983 in which he alleged deprivation of property and liberty interests without due process of law. We affirm.

Plaintiff is an independent contractor who offers seminars for teachers as part of the continuing education program required for teacher certification. For a number of years, defendant Joint School District 28J of Adams and Arapahoe Counties (District) allowed plaintiff to use District facilities for the presentation of continuing education classes to District teachers. In 1985, defendant Richard A. Sharkey, the District's Director of Staff Development, informed plaintiff through a mutual colleague that plaintiff would no longer be able to use District facilities to present continuing education classes. Sharkey said the reason for the decision was plaintiff's "unprofessionalism." Sharkey later told two District employees that plaintiff would "never again" teach in the District.

Plaintiff then filed this action under 42 U.S.C. § 1983, claiming that Sharkey's conduct deprived plaintiff of rights protected by the United States Constitution without due process of law. Specifically, plaintiff alleged that he had been deprived of the right to practice his profession, the right to contract without interference, and the right to protect his reputation. Relying on *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the trial court dismissed plaintiff's § 1983 claim on the ground that the availability of a state law tort action provided due process.

In *Parratt v. Taylor, supra*, the Supreme Court restricted the use of § 1983 as a basis for claims arising from violations of the due process clause of the Fourteenth Amendment. Although procedural due process generally requires that a state provide a hearing before depriving an individual of his property, the Court in *Parratt* stated that it is impossible for the state to provide a pre-deprivation hearing when the loss is not the result of an "established state procedure." The Supreme Court therefore concluded that there is no cause of action under § 1983 for the random and unauthorized deprivation of property by a state official so long as the state provides an adequate postdeprivation remedy. *See generally, Brown v. City of Colorado Springs*, 749 P.2d 475 (Colo.App.1987); *Collier v. City & County of Denver*, 697 P.2d 396 (Colo.App.1984).

On appeal, plaintiff argues that the *Parratt* doctrine applies only to violations of procedural due process. Plaintiff contends his due process claims were both substantive and procedural in nature, and therefore, the trial court erred in dismissing his complaint. We decline to address the issue of whether the Court's holding in *Parratt* extends to allegations of substantive due

process violations because we conclude plaintiff has failed to allege that he has been deprived of a constitutionally protected interest.

■ The mere fact that plaintiff had in the past been allowed to use District facilities does not, by itself, create a legitimate claim of entitlement to future use of those facilities. *See Bollow v. Federal Reserve Bank*, 650 F.2d 1093 (9th Cir.1981).

■ Plaintiff does not allege the existence of any rules or mutually explicit understandings that would have limited Sharkey's authority to deny plaintiff the use of District facilities. When the government retains unrestricted discretion over future enjoyment of a government benefit, the benefit is not a constitutionally protected entitlement. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). We therefore conclude that plaintiff had no protected property interest in the use of District facilities for continuing education classes.

■ We reach a similar result regarding plaintiff's assertion that he has been deprived of a protected liberty interest. Even if Sharkey's statements about plaintiff were defamatory, the Supreme Court has clearly stated that injury to reputation alone, "apart from some more tangible interest such as employment," does not give rise to a liberty interest protected by the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

Here, none of plaintiff's pre-existing rights have been removed or significantly altered as a result of Sharkey's statements. Plaintiff is in no way foreclosed from practicing his profession. He may still contract directly with teachers, as he has always done. Hence, we conclude that plaintiff has failed to allege the deprivation of a constitutionally protected liberty interest.

JUDGMENT AFFIRMED.

PLANK and JONES, JJ., concur.