Donald **MOSHER**, Plaintiff–Appellant,

v.

The **CITY OF LAKEWOOD, R.A. Swanson, D.W. Purdy, John Doe, and otherwise names unknown, as officers and individually, and agents of The City of Lakewood,** Defendants–Appellees.

No. 89CA0858.

Colorado Court of Appeals, Div. V.

Jan. 17, 1991.

Rehearing Denied Feb. 21, 1991.

James K. Kreutz & Associates, P.C., James K. Kreutz, Englewood, for plaintiff-appellant.

Watson Nathan & Bremer, P.C., Christiana M. Habas, Denver, for defendants-appellees.

Opinion by Judge CRISWELL.

Plaintiff, Donald Mosher, appeals the summary judgment entered in favor of defendants, the City of Lakewood, R.A. Swanson, and D.W. Purdy. We affirm in part, reverse in part, and remand for further proceedings.

Based on certain events that occurred on June 4, 1987, plaintiff's complaint, which was served on the defendants on October

10, 1988, alleged that the individual defendants, who are Lakewood police officers, committed an assault and battery upon him and were otherwise guilty of brutality and outrageous conduct. It also claimed that the City had been negligent in its supervision of its officers. Thus, plaintiff sought a tort recovery of actual and punitive damages under state law. In addition, he alleged that the officers' actions constituted a deprivation of his rights under the United States Constitution for which they and the City were liable, and for which he sought recovery under 42 U.S.C. § 1981 (1986) and 42 U.S.C. § 1983 (1988).

In passing upon defendants' request for summary judgment, the trial court did not determine whether the allegations of plaintiff's complaint stated a proper claim either under state law or under either of the federal statutes relied upon. It concluded, however, that plaintiff's state tort claims were barred by the statute of limitations set out in § 13–80–103(1), C.R.S. (1987 Repl.Vol. 6A). It also concluded that plaintiff could not pursue either of his federal claims because the common law of torts of the State of Colorado would have provided an adequate remedy to him had he pursued his state tort law claims in a timely manner.

While we agree with the trial court's conclusion that plaintiff's state law claims were required to be dismissed, we do not agree that his federal claims could be dismissed on the basis stated.

## I.

In contending that the trial court erred in dismissing his state claims, plaintiff argues that the statute of limitations did not begin to run (1) until March 1988, when he received a copy of the City's investigative report of the incident or (2) until he had exhausted his administrative remedies. Neither argument is persuasive.

## A.

■ Section 13–80–103(1)(c), C.R.S. (1987 Repl.Vol. 6A) requires any action against any police officer or other law enforcement authority to be commenced "within one year after the cause of action accrues, and not thereafter." And, § 13–80–108(1), C.R.S. (1987 Repl.Vol. 6A) provides that any claim for personal injuries shall accrue "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."

Here, the complaint alleged that plaintiff was injured, received medical treatment, and was incarcerated on June 4, 1987. Moreover, his attorney filed a notice of claim under the Governmental Immunity Act, § 24–10–109, C.R.S. (1988 Repl.Vol. 10A), on July 2, 1987. Under such circumstances, the trial court properly concluded that plaintiff's action for damages under state law was initiated more than one year after he was aware of his injuries and the cause thereof. While receipt of the investigative report may have provided further information concerning his claim, the claim itself had accrued under § 13–80–108(1) prior to that time. *See Bennett v. Furr's Cafeterias, Inc.*, 549 F.Supp. 887 (D.Colo. 1982).

## B.

■ Relying on *Collopy v. Wildlife Commission*, 625 P.2d 994 (Colo.1981), however, plaintiff contends that he could not bring his action until he had exhausted all his administrative remedies. Under the circumstances disclosed by this record, we reject this contention.

Contrary to plaintiff's argument, *Collopy* stands for the proposition that exhaustion of administrative remedies is *not* an absolute prerequisite to suit if the existing administrative remedies are ill-adapted to providing the relief sought.

In this case, the procedures to which plaintiff refers are the internal investigation procedures of the City's police department, and plaintiff made no showing that those procedures could have resulted in any civil relief to plaintiff. Hence, we conclude, as a matter of law, that plaintiff's exhaustion of those procedures was not required as a necessary condition precedent to the institution of a legal action against defendants.

## II.

■ Plaintiff also contends that the existence of an adequate state remedy is irrelevant to the issue whether he can maintain a federal claim under either 42 U.S.C. § 1981 (1986) or 42 U.S.C. § 1983 (1988). With this contention we agree.

### A.

Under 42 U.S.C. § 1981 (1986) "all persons" are guaranteed:

"the same right in every State or Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and in actions of every kind, and to no other."

The purpose of this statute, which was adopted as a part of the Civil Rights Act of 1866, 14 Stat. 27, is to prevent racial discrimination by both public and private parties. *Patterson v. McClean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), *reaffirming Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). *See also Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

■ Its provisions can be violated by improper police actions that are racially motivated. *Mahone v. Waddle,* 564 F.2d 1018 (3rd Cir.1977), *cert. denied,* 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978).

■ Further, a § 1981 plaintiff need not exhaust other federal or state judicial or administrative remedies prior to commencing an action under this federal statute. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (§ 1981 plaintiff need not exhaust administrative procedures of Title VII of Civil Rights Act of 1964; *Morrison v. Jones,* 607 F.2d 1269 (9th Cir.1979), *cert. denied,* 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980) (no requirement to exhaust state remedies).

■ Thus, if a plaintiff asserts that he has been the target of racial discrimination in a manner that violates the substantive provisions of § 1981, *see Patterson v. McClean Credit Union, supra,* he is entitled to maintain an action under that federal statute without regard to the existence of other federal or state remedies.

Here, however, plaintiff's federal § 1981 claim was dismissed solely because of the existence of adequate remedies under the state's common law of torts. We conclude that the court erred in dismissing any claim grounded on § 1981 on that basis.

### B.

Under 42 U.S.C. § 1983 (1988) any "person" who has been deprived "of any rights, privileges, or immunities secured by the Constitution and laws" by any other "person [acting] under color of any statute, ordinance, regulation, custom, or usage of any State of Territory," is entitled to secure judicial redress, either at law or in equity.

■ Unlike § 1981, § 1983 is not itself the source of any substantive rights. *Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). It serves merely as a vehicle to provide remedies for the deprivation of rights granted by the Constitution or by other federal laws. *See Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *Goebel v. Colorado Department of Institutions,* 764 P.2d 785 (Colo.1988); *Oten v. Colorado Board of Social Services,* 738 P.2d 37 (Colo.App.1987).

■ Like actions under § 1981, there is no requirement for the exhaustion of state judicial or administrative remedies before commencing an action under § 1983. *See Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (state administrative remedies); *Lane v. Wilson,* 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1938) (state judicial remedies). *See also Montoya v. City of Colorado Springs,* 770 P.2d 1358 (Colo.App.1989) (no necessity to exhaust administrative procedures under Colorado Civil Rights Act); *Gilbert v.*

*School District No. 50,* 485 F.Supp. 505 (D.Colo.1980) (discharged teacher need not pursue state judicial remedies under Colorado Teacher Tenure Act). For a review of the history of the development of the nonexhaustion principle, *see* R. Bacharach, *Section 1983 and Administrative Exhaustion Requirement,* 40 Okla.L.Rev. 407 (1987).

A possible "exception" to this principle is represented by the rule first announced in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In that case, the personal property of a state prisoner was lost as the result of the negligent actions of prison employees, and the prisoner sued the warden and another prison supervisor, neither of whom were personally responsible for the loss, in an action under § 1983. The only constitutional deprivation that he claimed to have suffered was a denial of procedural due process, *i.e.,* he was denied a due process hearing before he was deprived of his property.

In concluding that plaintiff had not demonstrated a procedural due process violation, the *Parratt* court conceded that the individual defendants were "persons" under § 1983 and that plaintiff's loss resulted "under color of state law." It also assumed, arguendo, that a mere negligent act could be the basis for an action under § 1983 and, therefore, that the loss of plaintiff's personal property resulted in a "deprivation" in the constitutional sense. It concluded, however, that plaintiff had not established that such deprivation was occasioned by a denial of the due process of law required by the Fourteenth Amendment.

■ While agreeing that procedural due process normally requires a hearing of some sort *before* any property deprivation occurs, *see Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), the court noted that this is not the universal rule. Thus, if the property deprivation occurs in the face of an emergency or in other circumstances rendering a *pre*-deprivation hearing impossible or impracticable, due process requirements may be satisfied by providing an adequate *post*-deprivation remedy. *See Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *Erving v. Mytinger & Casselberry, Inc.,* 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950).

Emphasizing that the actions that resulted in plaintiff's loss of property were not the result of some established state procedures, but were the result of the unauthorized, negligent actions of state employees, the court noted that plaintiff made no contention that, under such circumstances, it would have been practicable for the state to have provided a pre-deprivation hearing. Thus, the state statutory procedures, which provided a means for state prisoners to obtain recompense for tortious losses of property, being an adequate post-deprivation remedy, complied with the procedural due process requirements of the Fourteenth Amendment. There being no constitutional wrong, therefore, plaintiff possessed no claim that could be asserted under § 1983.

The *Parratt* conclusion was re-affirmed in *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), which involved the intentional, but unauthorized, seizure of a prisoner's personal property. Noting that the actions of the employee who seized the property were "random and unauthorized," the court explained the *Parratt–Hudson* rationale in these terms:

"[W]e hold that an unauthorized [negligent or] intentional deprivation of *property* by a state employee does not constitute a violation of the *procedural* requirements of the Due Process Clause of the Fourteenth Amendment *if* a meaningful postdeprivation remedy for the loss is available." (emphasis supplied)

*See also Logan v. Zimmerman,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (postdeprivation remedies do not satisfy due process if a deprivation of property is caused by conduct pursuant to established state procedure, rather than by random and unauthorized action).

The significance of the existence of state remedies to the *Parratt–Hudson* analysis, therefore, is not because of any exhaustion requirement to be found in § 1983; the

significance of such remedies lies within the substantive requirements of the due process clause of the Fourteenth Amendment. Thus, the *Parratt–Hudson* rule is not an "exception" to the non-exhaustion principle declared by the supreme court both before, *see Lane v. Wilson, supra,* and after, *see Patsy v. Board of Regents, supra,* promulgation of those two opinions. That rule is, rather, a simple recognition that the constitutional requirements of procedural due process do not mandate that a state engage in the impossible task of conducting a *pre* deprivation hearing before an *unanticipated* deprivation occurs. *See* M. Schwartz & J. Kirklin, *Section 1983 Litigation: Claims, Defenses and Fees,* § 8.2 at 178–180 (1986) (a *Parratt–Hudson* issue arises only if a plaintiff alleges a procedural due process violation and the defendant asserts that state procedures provide all the process that is due under the Fourteenth Amendment).

The later decisions of the federal judiciary confirm this reading of *Parratt* and *Hudson.* These decisions are uniform in holding that the existence of state judicial or administrative remedies is irrelevant if the § 1983 complaint alleges either a substantive due process violation or a deprivation of some other constitutional or statutory right, rather than the right to procedural due process. *See Dugan v. Brooks,* 818 F.2d 513 (6th Cir.1987) (if claim is based upon a violation of the Bill of Rights or substantive due process requirements, a § 1983 action may be maintained "irrespective of whether there is a state remedy available"); *Morello v. James,* 810 F.2d 344 (2d Cir.1987) (same, citing opinions from ten other circuits); *Lavicky v. Burnett,* 758 F.2d 468 (10th Cir.1985) (*Parratt* and *Hudson* "do not apply to violations of substantive constitutional proscriptions under the Fourteenth Amendment").

Further, while we agree that some language in this court's previous opinions in *Brown v. City of Colorado Springs,* 749 P.2d 475 (Colo.App.1987), and *Collier v. City & County of Denver,* 697 P.2d 396 (Colo.App.1984), *cert. dismissed,* 716 P.2d 1124 (Colo.1986), could be read as interpreting the *Parratt–Hudson* rule more broadly

than is warranted, the decision in each of those cases is not inconsistent with the conclusion we adopt here.

In *Brown v. City of Colorado Springs, supra,* the § 1983 claims based upon allegations of negligence were dismissed because, after the *Parratt* decision, it has been held that mere negligence cannot be the basis for a claim asserting a denial of due process. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Uberoi v. University of Colorado,* 713 P.2d 894 (Colo.1986). And, the § 1983 claims against the city based on intentional acts were dismissed because they were not the result of a policy or custom, as is required if liability is to be imposed upon a public entity (as distinguished from imposing liability upon an individual). *See Pembaur v. Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Likewise, in *Collier* the § 1983 claim was dismissed because it was based upon a mere negligent act.

In neither of these opinions did the holding rest upon a requirement that the plaintiff exhaust state remedies.

Finally, in the more recent opinion in *Montoya v. City of Colorado Springs, supra,* we said that *Parratt* and *Hudson* apply only to claims of procedural due process violations. Thus, since the claims asserted by plaintiff in *Montoya* alleged substantive due process and equal protection violations, we held that the existence of an adequate state remedy was irrelevant.

Here, plaintiff asserts an unwarranted arrest and beating by the individual defendants. Such allegations do not implicate any procedural due process rights; they allege substantive violations of his liberty interests. Hence, the *Parratt–Hudson* rule has no applicability to plaintiff's § 1983 claim, and the court erred in dismissing that claim because of its perception that state law provided an adequate remedy for those alleged violations.

The judgment dismissing plaintiff's state law tort claims is affirmed; the judgment

dismissing the claims asserted under 42 U.S.C. § 1981 (1986) and 42 U.S.C. § 1983 (1988) is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

PLANK and REED, JJ., concur.