[No. 7183.]

## THE PEOPLE V. PUTNAM, ET AL.

STATUTE OF LIMITATIONS—*Action on Sheriff's Bond*—An action against a sheriff and his sureties, upon his official bond, for the sheriff's failure to account for fees collected by him is controlled by sec. 4064, Rev. Stat. 1908. Sec. 4061 has no application thereto—(518).

The real cause of action in such case is the sheriff's failure to perform an official duty, to which the bond is a mere collateral security.

When the action is barred against the principal it is also barred against the sureties—(519).

*Error to Elbert District Court.*—HON. W. S. MORRIS, Judge.

Mr. W. B. PRICE, for plaintiffs in error.

Messrs. MCKESSON & TURNER, for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action (instituted March 20, 1906) was brought by the county commissioners of Elbert county against Putnam, a former sheriff of that county, and his bondsmen, upon his official bond. The alleged breach of the bond was, that during the years 1900 and 1901 Putnam as sheriff collected in fees from the county, and certain private litigants, certain amounts over and above the amount of his salary, for which he had not accounted. The defendants plead that the action was barred by the statutes of limitations, in that the supposed cause of action did not accrue within one year next preceding the commencement of the action. This plea was sustained. Putnam's term of office expired January 10, 1902, over four years prior to the time this suit was begun. The

defendants claim that the statute of limitations which applies is general section 4064, Revised Statutes, 1908; it reads as follows:

. . . "All actions against sheriffs and coroners, upon any liability incurred by them, by the doing of any act in their official capacity, or by the omission of any official duty, except for escapes, shall be brought within one year after the cause of action shall have accrued, and not after that period."

The plaintiffs claim the only statute of limitations which can have any possible application is the first subdivision of general section 4061, Revised Statutes, 1908, it provides that all actions of debt founded upon any contract or liability in action should be commenced within six years, etc. We cannot agree with this latter contention, when applied to the facts here. The great weight of authority is to the effect that the alleged cause of action was upon a liability created by statute, to-wit, the failure of the sheriff to account to the county for certain fees collected by him. This was an omission of an official duty and under general section 4064, *supra,* an action against the sheriff for such failure must be brought within one year after the cause of action accrues. The wrong committed by the sheriff furnishes the real and substantial foundation for the plaintiffs' cause of action; the sheriff's bond is virtually only a collateral security or a guaranty for the performance of his official duty,—as stated in *Ryus v. Gruble,* 31 Kansas 767. "The bond does not give the cause of action; the wrongs or delicts do; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrongs or delicts."

If Putnam incurred any liability it was in his official capacity; suit could have been brought against him without joining his bondsmen; he would have been liable had

he not given a bond, but to such causes of action the one year statute of limitation applies, hence, this action was barred against him individually. This being the case, the bond did not increase his liability nor change it in any way. The bond being the security to indemnify against the wrongful acts of the sheriffs, it follows that when the cause of action is barred as against the principal debt or cause of action, it is barred against the security, otherwise we would have the anomalous position with no cause of action against the principal which could be enforced, yet which could still be maintained against the surety. No claim is made that any liability was heretofore established against the sheriff, but to the contrary, this suit is brought against him as the principal, with his sureties upon his official bond; he, with them pleads the one year statute of limitations; it is good upon his part. This being true, the action must likewise fail against his sureties.

In *Ryus v. Gruble, supra,* it is also said, "When the principal debt or cause of action fails, the security must also fail; and, as we have stated before, a sheriff's bond is simply a security, collateral to the main cause of action."

This same ruling was followed in *Commissioners of Graham County v. Van Slyck,* 52 Kan. 622, where the action was against the county clerk; the suit was not commenced until the expiration of the limitation period against him. It was held that his bondsmen could not be held. This principle was again followed in the case of *Davis, Admr. v. Clark et al.,* 58 Kan. 454.

To the same effect is the ruling in *Spokane County v. Prescott,* 19 Wash. 418, where the duties of a public officer are prescribed by statute and to secure their performance an official bond is given; held such bond creates no obligation in itself but merely operates as collateral security for the proper discharge of his official duties.

In *County of Sonoma v. Hall,* 132 Calif. 589, the matter was considered by the full bench upon account of former department cases being in apparent conflict. It was held that where the primary obligation of the officer is barred or in any legal way extinguished, the sureties are relieved in like manner as a guarantor upon a written guaranty to answer for the debt of another would be relieved, when the primary obligation of the principal debtor is barred or extinguished notwithstanding the written contract; applying this rule, it was held that the liability of a county recorder for failure to pay to the county the fees required by law to be collected and paid over by him is a liability created by statute, which is barred as to the recorder within three years after the breach of his official duty; that his sureties in an action on his official bond were entitled to plead the same statute of limitations, which their principal would have been entitled to plead, if he had been sued in an independent action for the breach of his official duty; that the gist of the action on the official bond is the failure of the principal to pay over the money; that the bond imposes upon the principal no obligation different from that created by statute, and it is not the cause of action, but merely collateral thereto and affords a remedy against the sureties as a means of enforcing the obligation of the principal; that the sureties have a general right to avail themselves of all defense that would be allowed by their principal and can be in no worse position than he would be if sued separately for failure to pay the money to the county; that the sureties had the legal right to plead any statutes of limitations.

In the department case of *Paige v. Carroll,* 61 Calif. 211, (cited with approval in the later California case) it was held that an action against a sheriff and his sureties

upon his official bond must be brought within the limit
of the statutory period providing for an action against
the sheriff in his official capacity.

In *Connor v. Corson, et al.,* 13 S. D. 550, relied upon
by the plaintiffs in error it is true that the action was not
brought against the sureties upon the sheriff's official
bond within the three years provided by their statute of
limitations for actions against the sheriff for liabilities
incurred in his official capacity. The court there held that
the bond comes within the general six-year statute, but
that case discloses that a suit had been brought against
the sheriff upon the claim within the three-year limita-
tion in which judgment was secured and a valid claim
established against the sheriff. This is not the case here.
Had a suit been brought against Mr. Putnam within the
time provided by general section 4064, *supra,* and a judg-
ment secured thereon and thereafter another action
brought against his bondsmen upon the bond to recover
the amount of this judgment, it would then present the
same question as passed upon by the South Dakota court,
and an entirely different question than the one here for
determination, hence, it is unnecessary for us to arrive at
or express any conclusion upon that kind of a case until
we are called upon to determine it.

The judgment is affirmed.          *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT
concur.