No. C-384

**The People of the State of Colorado v.
Richard Allan Burke**
(521 P.2d 783)

Decided April 22, 1974.

20

Robert R. Gallagher, Jr., District Attorney, Jerrie F. Eckelberger, Deputy, C. Scott Crabtree, Assistant, John P.

Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for petitioner.

James MacDonald, for respondent.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This appeal was filed by the district attorney after the defendant, Richard Allan Burke, was convicted and sentenced for the crime of driving under suspension. 1967 Perm. Supp., C.R.S. 1963, 13-4-30. Burke entered a plea of guilty in the county court to the charge of driving under suspension. The county judge imposed a five-day jail sentence, suspended the sentence, and placed the defendant on probation for six months. In imposing sentence, the county court declared that the mandatory five-day jail sentence required by 1967 Perm. Supp., C.R.S. 1963, 13-4-30(1)(a) was implicitly repealed by the enactment of the Colorado Code of Criminal Procedure. Colo. Sess. Laws 1972, ch. 44, 39-11-201 at 241. The district attorney appealed the county court's ruling to the district court. The district court thereafter affirmed the county court. We granted certiorari to interpret the apparent conflicts in the statutory language which pertain to the sentencing of a person who has been convicted of driving while his license is suspended. We reverse and remand for resentencing in accordance with the directions contained in this opinion.

The issue which is postured before us on appeal requires that we determine whether Colo. Sess. Laws 1972, ch. 44, 39-11-201 at 241, which pertains to the granting of probation for a number of crimes, repealed *sub silentio* the mandatory sentence provisions of 1967 Perm. Supp., C.R.S. 1963, 13-4-30(1)(a). The general probation statute which was enacted in 1972 provides, in pertinent part:

"A person who has been convicted of an offense, other than a class 1 felony or a class 2 petty offense, is eligible to apply to the court for probation." Colo. Sess. Laws 1972, ch. 44, 39-11-201 at 241.

Driving under suspension is dealt with specifically by a separate statutory provision which provides:

". . . and upon conviction [a defendant] shall be punished by imprisonment in the county jail for not less than five days . . . . The minimum sentence imposed by this paragraph (a) shall be mandatory, and the court shall not grant probation or a suspended sentence, in whole or in part . . . ." 1967 Perm. Supp., C.R.S. 1963, 13-4-30(1)(a).

The attorney general has conceded that the statutes are in conflict. However, in our view, the conflict is not irreconcilable. A statute that is specific in its terms is not necessarily repealed by a later statute which is in general terms. *People ex rel. Roberg v. Board of Commissioners of Chaffee County,* 86 Colo. 249, 281 P. 117 (1929). Before general legislation is deemed to repeal an existing provision of a statute that is specific in its terms, the intent to do so must be clear and unmistakable. *City and County of Denver v. Rinker,* 148 Colo. 441, 366 P.2d 548 (1961); *El Paso County v. Sheldon,* 59 Colo. 499, 149 P. 616 (1915).

"As a general rule, the legislature when it intends to repeal a statute may be expected to do so in express terms or by the use of words which are equivalent to an express repeal, and an intent to repeal by implication to be effective must appear clearly, manifestly, and with cogent force . . . . The courts will not hold to a repeal if they can find reasonable ground to hold to the contrary. *Casados v. People,* 119 Colo. 444, 204 P.2d 557 (1949).

■ The Colorado statute which specifically deals with driving under suspension (1967 Perm. Supp., C.R.S. 1963, 13-4-30(1)(a)) sets forth in unmistakable terms that a five-day jail sentence must be imposed when a defendant is convicted of violating the statute. The general Colorado probation statute (Colo. Sess. Laws 1972, ch. 44, 39-11-201 at 241) applies to all crimes, is general in nature, and excepts

only class 1 felonies and class 2 petty offenses. Neither of the exceptions includes driving under suspension. However, no clear, manifest, or forceful evidence was presented which would indicate that the legislature intended to repeal the mandatory five-day minimum jail sentence provision contained in the driving under suspension statute. In the absence of such evidence, it is clear that the legislature did not intend to repeal the mandatory sentencing provision of 1967 Perm. Supp., C.R.S. 1963, 13-4-30(1)(a), *sub silentio,* by implication, or otherwise by enactment of Colo. Sess. Laws 1972, ch. 44, 39-11-201 at 241. Accordingly, the driving under suspension sentencing requirements were retained by the legislature as an additional exception to the general Colorado statutory probation provisions.

■ In this case, the defendant Burke was convicted of driving while his license was suspended. Since the statute under which Burke was convicted called for a mandatory five-day minimum jail sentence to which the general Colorado statutory probation provisions did not apply, the county court could not impose a probationary sentence and had no power to grant probation on the basis of Colo. Sess. Laws 1972, ch. 44, 39-11-201 at 241.

Accordingly, the judgment of the district court, which affirmed the county court, is reversed. The case is remanded for the imposition of a sentence in accordance with the provisions of 1967 Perm. Supp., C.R.S. 1963, 13-4-30(1)(a).