Lena CAIN, Plaintiff–Appellant,

v.

Greg GUZMAN and the Adams County Sheriff, Defendants–Appellees.

No. 87CA0444.

Colorado Court of Appeals, Div. V.

Aug. 18, 1988.

Harold E. Faletti, Andrew J. Regan, Northglenn, for plaintiff-appellant.

Michael S. Kaminski, Co. Atty., Dennis J. Tharp, Asst. Co., Atty., Brighton, for defendants-appellees.

PLANK, Judge.

In this negligence action, Lena Cain (plaintiff) appeals the summary judgment entered in favor of Greg Guzman, a deputy sheriff, and the Adams County Sheriff (defendants). We affirm.

Plaintiff was involved in an automobile accident with deputy sheriff Greg Guzman. At the time of the accident, Guzman was on his way to investigate an incident involving criminal mischief.

## I.

■ Plaintiff first contends that the trial court abused its discretion in granting defendants' motion for leave to amend the answer. We disagree.

The decision to grant or deny a motion to amend a pleading is a matter within the discretion of the trial court, and it will not be disturbed on review unless an abuse of discretion is shown. *K-R Funds, Inc. v. Fox,* 640 P.2d 257 (Colo.App.1981). Furthermore, leave to amend pleadings is to be freely granted, and the denial of a request to amend is warranted only if the opposing party or the court would be prejudiced by its allowance. *K-R Funds, Inc. v. Fox, supra.*

Twenty-eight days after filing their answer, defendants filed a motion for leave to amend in order to plead two additional affirmative defenses, one of which was the statute of limitations set forth in § 13-80-103, C.R.S. Eighteen days later, the trial court granted defendants' motion. The next day, plaintiff filed a motion in opposition to the motion for leave to amend.

Under these circumstances, we find no abuse of discretion in the trial court permitting the amendment. Discovery had not yet commenced, a trial date had not been scheduled, and prejudice did not accrue to the court or to the parties. Furthermore, plaintiff was given the requisite time in which to file an objection to defendants' motion, but failed to do so in a timely manner. *See* C.R.C.P. 121 § 1-15; *Ceconi v. Geosurveys, Inc.,* 682 P.2d 68 (Colo.App. 1984).

## II.

■ Plaintiff next contends that § 13-80-103, C.R.S., is inapplicable because the act upon which suit was brought was not performed in the sheriff's official capacity. She argues that acts performed in a sheriff's official capacity are only those acts for which the sheriff is bonded. Again, we disagree.

Section 13-80-103, C.R.S., which was in effect at the time the cause of action accrued, provided:

"All actions against sheriffs and coroners upon any liability incurred by them by the doing of any act in their official capacity or by the omission of any official duty, except in relation to accounting to the county for fees earned or collect-

ed, and except for escapes, shall be brought within one year after the cause of action accrues, and not after that period."

In determining legislative intent, a statute must be construed as a whole, and the plain and ordinary meaning of the words employed therein must be attributed to it. *People v. District Court,* 713 P.2d 918 (Colo.1986).

The language of the statute in question is clear and unambiguous. By its express terms, it applies to any liability arising from any act performed in a sheriff's official capacity, with two exceptions not applicable here. Thus, had the General Assembly intended to limit application of the one-year statute of limitations to liability for which the sheriff is bonded, it would have so provided. Accordingly, we decline to read into the statute such a limitation.

Although the statute is intended to protect the sheriff's bondsman as well as the sheriff, *see Bailey v. Clausen,* 192 Colo. 297, 557 P.2d 1207 (1976), the supreme court has stated that the one-year statute of limitations would apply in a situation where the sheriff was not bonded. *See People v. Putnam,* 52 Colo. 517, 122 P. 796 (1912).

Furthermore, plaintiff's reliance on *Brady v. Woodworth,* 499 N.Y.S.2d 539, 117 A.D.2d 995 (1986) and *Dixon v. Seymour,* 405 N.Y.S.2d 320, 62 A.D.2d 444 (1978) is misplaced. Under Colorado law, a sheriff's bond has no effect on the scope and extent of the sheriff's liability. *See People v. Putnam, supra.*

Accordingly, we hold that § 13–80–103, C.R.S., is applicable to any liability incurred as a result of an act performed in the sheriff's official capacity, regardless of whether the act is one for which a bond has been secured.

### III.

Finally, plaintiff contends that summary judgment was improper because a genuine issue of material fact existed as to whether the deputy sheriff was acting in his official capacity at the time of the acci-

dent that allegedly injured plaintiff. Again, we disagree.

Together with their motion for summary judgment, defendants submitted the deputy sheriff's affidavit which established that, when the accident occurred, he was responding to a dispatch concerning "criminal mischief in progress" while patrolling for the Adams County Sheriff Department; that his acts were within the course of his employment with the sheriff's department and under color of his office; and that, therefore, the acts were within his official capacity. These statements were sufficient to constitute a prime facie showing that the one-year statute of limitations was applicable to plaintiff's action. *See Bailey v. Clausen, supra; Piper v. City of Wichita,* 174 Kan. 590, 258 P.2d 253 (1953). Accordingly, the burden shifted to plaintiff to establish specific facts showing that a genuine issue of material fact existed. *See* C.R.C.P. 56(e); *Heller v. First National Bank,* 657 P.2d 992 (Colo.App.1982). This plaintiff failed to do.

Thus, the trial court properly entered summary judgment in favor of defendants on the basis that the action had not been filed within one year after it had accrued as required by § 13–80–103, C.R.S.

Judgment affirmed.

VAN CISE and FISCHBACH, JJ., concur.