**Bruce Lee DILLINGHAM,**
**Plaintiff–Appellant and**
**Cross–Appellee,**

v.

**UNIVERSITY OF COLORADO, BOARD OF REGENTS, University of Colorado Health Sciences Center School of Medicine, and Mary Jean Berg in Her Official and Individual Capacity, Defendants–Appellees and Cross–Appellants.**

No. 88CA0446.

Colorado Court of Appeals,
Div. I.

Oct. 12, 1989.

Rehearing Denied Dec. 28, 1989.

Certiorari Denied April 23, 1990.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Morgan & Kleiman, Elisa J. Moran and John Mosby, Denver, for plaintiff-appellant and cross-appellee.

Montgomery Little Young Campbell & McGrew, P.C., Richard L. Murray, Jr., Englewood, for defendants-appellees and cross-appellants.

Opinion by Judge TURSI.

Plaintiff, Bruce Lee Dillingham, appeals the summary judgment entered in favor of defendants, University of Colorado, Board of Regents, University of Colorado Health and Sciences Center School of Medicine, and Mary Jean Berg (in her individual and official capacities), on his claim for violation of civil rights. He also appeals the directed verdict granted to defendants on his remaining claims. We affirm in part and reverse in part.

Plaintiff initiated this action after he was dismissed from the Southern Colorado Family Practice Residency Training Program. The program, which is affiliated with the University of Colorado School of Medicine, lasts three years and enables its participants to sit for board certification upon successful completion of the curriculum.

Plaintiff claims his termination from the program, which occurred mid-way during his third year, violated his civil rights un-der 42 U.S.C. § 1983 (1982) by depriving him of due process of law. He further maintains that his dismissal constituted a breach of the "House Officer Training Agreement" which he was required to sign before participating in the program.

The trial court entered summary judgment for defendants on the civil rights claim prior to trial. A directed verdict in favor of defendants was granted on the remaining claims at the close of plaintiff's case.

I

Defendants moved for summary judgment on plaintiff's § 1983 claim contending that it was barred by the statute of limitations. They also argued that plaintiff failed to state a claim for § 1983 relief since he had no recognizable property interest or other right in the residency program of which he could be deprived. While we disagree that the claim was untimely, we nevertheless conclude that the summary judgment was properly entered.

A

Within three years after his termination, plaintiff filed his claim in United States district court where it was dismissed without prejudice because of lack of jurisdiction pursuant to U.S. Const. amend. XI. He commenced this action less than 90 days later pursuant to § 13–80–111, C.R.S. (1987 Repl.Vol. 6A), which provides in pertinent part:

"(1) If an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff ... may commence a new action upon the same cause of action within 90 days after the termination of the original action.....

(2) This section shall be applicable to all actions which are first commenced in federal court...."

■ .No specific federal statute of limitations has been enacted for § 1983 claims. Consequently, federal law borrows the most analogous state statute of limitations,

which has been designated to be the limitations period for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); 42 U.S.C. § 1988. If state law provides for multiple personal injury statutes of limitations, the general or residual statute for such actions is to be applied. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

In Colorado, § 1983 claims brought in federal district court are subject to the residual statute of limitations. *McKay v. Hammock*, 730 F.2d 1367 (10th Cir 1984). The residual statute that applied at the time this claim arose provided for a three-year limitations period. *See* § 13–80–108(1)(b), C.R.S. *Cf.* § 13–80–102, C.R.S. (1987 Repl.Vol. 6A) (residual statute establishing two-year limitations period). Given that plaintiff's complaint was first filed within that three-year period, we hold that this action was timely. *But see Mucci v. Falcon School District No. 49*, 655 P.2d 422 (Colo.App.1982).

### B

Pursuant to 42 U.S.C. § 1983 liability is imposed on those persons who, under color of state authority, deprive others of "any rights or other interest, privileges, or immunities secured by the constitution and federal law." *Espinoza v. O'Dell*, 633 P.2d 455 (Colo.1981). Hence, to state a viable claim for relief under § 1983, a plaintiff must establish: (1) that defendant deprived him a federal right, and (2) that defendant acted under color of state law. *Espinoza v. O'Dell, supra.* When claims are stated against a governmental entity, a plaintiff must also prove that the conduct complained of was the result of an established custom and policy and was not random or unauthorized. *Brown v. City of Colorado Springs*, 749 P.2d 475 (Colo.App. 1987).

The determination whether to dismiss a student for academic reasons requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decision-making. *Board of Curators v. Horowitz*, 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978). Because the nature of academic decisions depends largely upon subjective considerations, a formal hearing before termination is not required to satisfy the due process clause of the Fourteenth Amendment. *Board of Curators v. Horowitz, supra.* Rather, the decision to drop a student from an academic program is not actionable unless it represents a substantial departure from accepted academic norms so as to demonstrate that the committee or person responsible did not actually exercise professional judgment. *Regents of University of Michigan v. Ewing*, 474 U.S. 214, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985).

Inasmuch as plaintiff's agreement with defendants contemplated an academic relationship, the propriety of his dismissal for § 1983 purposes must be viewed under the standard announced in *Ewing*.

In ruling on the motion for summary judgment, the court considered evidence consisting of copies of correspondence sent to the plaintiff detailing the grounds for his discharge from the program. Over thirty days prior to his termination plaintiff had been warned that his performance was unsatisfactory and placed on a probationary type remedial program set up by the program director to correct his deficiencies. Plaintiff admitted that he failed to comply with the terms of the remedial program. This evidence was uncontroverted by the plaintiff in his response to the motion for summary judgment, and there is no evidence that this procedure departed from accepted academic norms. Consequently, regardless of whether plaintiff's § 1983 claim was supported by a recognizable interest or right, the admitted facts establish that he could not prevail. Therefore, summary judgment was appropriate. *See Kuehn v. Kuehn*, 642 P.2d 524 (Colo.App. 1981); C.R.C.P. 56(c).

### II

Plaintiff next contends that the trial court erred by directing the verdict in favor of defendants on plaintiff's breach of contract claims. We agree in part.

Plaintiff's breach of contract claims were based upon provisions of the "House Officer Training Agreement" which required that thirty days written notice be given before termination of the contract. The agreement also incorporated the provisions of the House Staff Manual which provided for a grievance procedure that accorded residents the right to request an administrative review hearing.

Approximately one month before his dismissal, plaintiff received a letter from the program director informing him that he was on probation. The letter also outlined a remedial program and warned plaintiff that his graduation from the program was contingent on documentation of his competence in those areas in which he had been judged deficient. However, nowhere in the letter was plaintiff advised of his pending termination. The only other written communication plaintiff received was the letter notifying him of his immediate suspension from the program. Defendants also failed to furnish a review hearing although plaintiff formally requested one.

In view of defendants' failure to comply with the notice and hearing provisions of the agreement, we conclude they breached the training agreement. Accordingly, we remand for an award of damages equal to the stipend plaintiff should have been paid under the agreement for the thirty-day period following his receipt of the letter suspending him from the program. See Maltby v. J.F. Images, Inc., 632 P.2d 646 (Colo.App.1981) (proper measure of damages for ineffective notice of termination under the terms of an employment contract is compensation for the stipulated notice period).

We uphold the directed verdict as it applies to plaintiff's other claimed damages because there is insufficient evidence to support either the existence of such damages or the fact that they were a natural result of defendants' actions. See International Technical Instruments, Inc. v. Engineering Measurements Co., 678 P.2d 558 (Colo.App.1983) (recovery of consequential damages is determined by a test of foresee-ability of the consequences of the breach of contract).

We also affirm the directed verdict as it applies to plaintiff's allegations of willful and wanton conduct on the part of the program director. In light of plaintiff's admission that he had received various negative evaluations and had failed to complete the remedial program, we find no evidence in the record indicating that the director's decision to terminate plaintiff was made without just cause.

The judgment is affirmed in all respects except in regard to defendants' failure to give plaintiff appropriate notice of his termination. That portion of the judgment is reversed, and the cause is remanded for entry of judgment and award of damages on that claim in accordance with this opinion.

PIERCE and HUME, JJ., concur.