Robert Dennis DAWSON, individually and as the employee of the Eagle County Sheriff's Department; and the Eagle County Sheriff's Department, a political subdivision of the State of Colorado; and Eagle County Board of Commissioners, a political subdivision of the State of Colorado, Petitioners,

v.

Garland Willard REIDER and Victoria Cordova Reider, both individually and as husband and wife, Respondents.

No. 93SC83.

Supreme Court of Colorado,
En Banc.

April 11, 1994.

Rehearing Denied May 2, 1994.

Hall & Evans, Cathy H. Greer, Malcolm S. Mead, Denver, for petitioners.

Fredric Butler, Eagle, for respondents.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Timothy R. Arnold, Deputy Atty. Gen., Jane R. Christman, First Asst. Atty. Gen., Denver, for amicus curiae State of Colo.

Charles H. Richardson, Aurora City Atty., Julie A. Bannon, Asst. Aurora City Atty., Aurora, for amicus curiae City of Aurora.

Daniel Muse, Denver City Atty., Denver, for amicus curiae City of Denver.

James G. Colvin, II, Colorado Springs City Atty., Stephen K. Hook, Asst. Colorado Springs City Atty., Colorado Springs, for amicus curiae City of Colorado Springs.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review *Reider v. Dawson*, 856 P.2d 31 (Colo.App.1992), which held that the three-year statute of limitations for actions under the Colorado Auto Accident Reparations Act (No–Fault Act), § 13–80–101(1)(j), 6A C.R.S. (1987), is applicable when a party commences a civil action against a sheriff and his deputy predicated upon an automobile-pedestrian accident. In reaching this conclusion, the court of appeals rejected the assertion that the applicable statute is section 13–80–103(1)(c), 6A C.R.S. (1987), which addresses the period of limitation when a sheriff is a defendant in an action. The court also held that because a party moving for summary judgment has the bur-

den of establishing the lack of a triable issue of fact, it was the petitioners' burden to establish that there was no insurance on the vehicle that struck the respondent.

If the respondents have stated a claim for relief under the No–Fault Act, they are entitled to the benefit of the statute of limitations that specifically addresses civil actions commenced pursuant to the No–Fault Act.[1] The question of whether the vehicle that struck the respondent was insured is a question of fact and the court of appeals properly placed the burden of establishing a lack of a triable issue of fact on the petitioners. Accordingly, we affirm the judgment of the court of appeals and return this case to the court of appeals with directions to remand to the trial court for additional proceedings consistent with this opinion.

## I

The automobile-pedestrian accident that precipitated this civil action occurred on November 24, 1989, in Eagle County.[2] Garland Reider (Reider) was driving his automobile on Highway 24 when his car came in contact with a patch of ice and slid off the road and down an embankment. Deputy Sheriff Robert Dawson (Dawson) was the first person to arrive at the scene of the accident. He parked his patrol car on the patch of ice, put out flares, and started down the embankment to help Reider who was climbing up the embankment to reach the road. Unfortunately, Dawson's patrol car slid off the patch of ice and down the embankment, rolled over, and struck Reider. Reider was not injured until he was struck by the patrol car.

On January 22, 1991, Reider and his wife commenced a civil action against Dawson and the Eagle County Sheriff's Department (petitioners) for negligence and loss of consortium.[3] The petitioners filed a motion to dismiss which was supported by affidavits and other documents. The trial court treated the motion to dismiss as a motion for summary judgment and entered judgment in favor of the petitioners based upon section 13–80–103(1)(c). The Reiders appealed and the court of appeals reversed the trial court.

## II

Section 13–80–103 provides in pertinent part:

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter:

. . . .

(c) All actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority. . . .

Section 13–80–101 provides in pertinent part:

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter:

. . . .

(j) All actions under the "Colorado Auto Accident Reparations Act," part 7 of article 4 of title 10, C.R.S. . . .

Assuming that the Reiders have stated a claim for relief pursuant to the No–Fault Act, both statutes appear to be applicable in this case and the language of the statutes does not establish which is controlling. Because the statutes are not clear as to which is

---

1. The issue in this case is whether summary judgment was proper. Even if the three-year statute of limitations is applicable, that does not resolve whether the respondents have stated a valid claim under the No–Fault Act or whether their claims may be barred by the Governmental Immunity Act.

2. For the purpose of reviewing the trial court's decision to grant summary judgment, we assume that the facts as set forth by the respondents are true. *See, e.g., Elm Distrib., Inc. v. Tri–Centennial Corp.*, 768 P.2d 215, 218 (Colo.1989) (stating that summary judgment may be granted only if the record establishes that there is no dispute as to any material fact respecting the legal issue to be determined and that if any doubts exist concerning the absence of disputes over a material fact, such doubts must be resolved against the moving party).

3. The Eagle County Board of Commissioners was also named as a party-defendant, but was dismissed. The dismissal is not before us for review.

controlling, our primary task is to construe the statutes to give effect to the intent of the General Assembly. *See, e.g., Woodsmall v. Regional Transp. Dist.,* 800 P.2d 63, 67 (Colo.1990).

### A

In *Jones v. Cox,* 828 P.2d 218, 223 (Colo. 1992), we recognized that section 13–80–101(1)(j) is more specific than section 13–80–102(1)(a), 6A C.R.S. (1987), which generally applies to torts. *Jones* was based on three rules of statutory construction:

> Our rules of statutory construction are that a special statute preempts a general statute, that a later statute is given effect over an earlier statute, and that because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable.

*Jones,* 828 P.2d at 222 (quoting with approval *Troxell v. Trammell,* 730 S.W.2d 525, 528 (Ky.1987)).

In *Jones,* the comparison of the two statutes' specificity was of key importance because both statutes were defined in terms of the type of civil action. In this case, determining which statute is controlling by comparing the two statutes is not possible because one is defined in terms of the type of civil action while the other is defined in terms of the class of defendants. Thus, the specificity rule of statutory construction is not dispositive.[4] The second rule of statutory construction discussed in *Jones* is also not dispositive because the General Assembly repealed and reenacted sections 13–80–101 and 13–80–103 in 1986. Ch. 114, sec. 1, §§ 13–80–101, –103, 1986 Colo.Sess.Laws 695, 695–97.

The final rule of construction discussed in *Jones* is that "because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable." *Id.* at 222; *see also Payne v. Ostrus,* 50 F.2d 1039, 1042 (8th Cir.1931) ("Of course if substantial doubt exists, the longer, rather than the shorter, period of limitation is to be preferred."); *O'Malley v. Sims,* 51 Ariz. 155, 159–60, 75 P.2d 50, 54–55 (1938) ("We have repeatedly held that while the defense of the statute of limitation is a legitimate one, it is not favored by the courts, and, where two constructions are possible, the one which gives the longer period of limitation is the one which is to be preferred."); *Jefferson v. Nero,* 225 Ark. 302, 280 S.W.2d 884, 886 (1955) ("If there is doubt as to which of two or more statutes of limitation applies to a particular action or proceeding, and it is necessary to resolve the doubt, it will generally be resolved in favor of the application of the statute containing the longest limitation."); *Thiel v. Taurus Drilling Ltd.,* 218 Mont. 201, 710 P.2d 33, 40 (1985) ("Where there is a substantial question as to which of two or more statutes of limitations should apply, the general rule is that the doubt should be resolved in favor of the statute containing the longest limitations.").

▆ Although neither of the first two principles of statutory construction applied in *Jones* is dispositive, the third principle establishes that section 13–80–101(1)(j) sets forth the controlling statute of limitations. Thus, the reasoning and principles set forth in *Jones* dictate that the Reiders are entitled to the benefit of the longer statute of limitations contained in the No–Fault Act if they have set forth a claim for relief under the No–Fault Act.[5]

---

4. Although the two statutes are dissimilar, *Jones* establishes that § 13–80–101(1)(j) is applicable to a narrow class of cases commenced pursuant to the No–Fault Act and is therefore specific. *Jones v. Cox,* 828 P.2d 218, 223 (Colo.1992). The specificity of § 13–80–101(1)(j) is indicated by the fact that it was enacted to facilitate the No–Fault Act, i.e., the implication of the unique statute of limitations that applies to a specific type of claim is that the General Assembly sought to ensure the uniform and consistent application of the unified statutory scheme encompassed by the No–Fault Act.

5. Applying the three-year statute of limitations is also consistent with the rule of construction that if possible, statutes should be harmonized. Application of § 13–80–101(1)(j) is consistent with the language of § 24–10–109(5), 10B C.R.S. (1987), of the Governmental Immunity Act. The Governmental Immunity Act is relevant in this case because the Reiders are suing a governmental entity; the Reiders were required to comply with the notice provisions of § 24–10–109 as a jurisdictional prerequisite to filing their claim for relief. This section provides:

### B

In addition to the conclusion reached by application of the rules of construction adopted in *Jones*, the legislative history of sections 13–80–101 and 13–80–103 indicates that section 13–80–101(1)(j) sets forth the controlling statute of limitations in this case.

The impetus for the revision of Colorado's statutes of limitation, which culminated in the repeal and reenactment of sections 13–80–101 and 13–80–103, was to consolidate, simplify, and make uniform the periods of limitation on civil actions. Hearings on S.B. 69 before the House Judiciary Committee, 55th Gen. Assembly, 1st Reg.Sess. (audio tape, Mar. 11, 1986, at 3:20–4:43). In revising the existing periods of limitation, the General Assembly adopted in large part a proposed statute on limitation of actions that was drafted by the Colorado Bar Association.

In adopting provisions from the model statute, the General Assembly recognized that it was acting in conformity with the recommendations of a special task force convened to study insurance and tort liability. The task force endorsed the Colorado Bar Association's model statute. Special Task Force on Tort Liability and Insurance, *Liability Insurance and the Law of Torts in Colorado, Problems and Remedies* (1986). In its report, the task force stated:

> It has been generally recognized that Colorado's Limitations of Action system is outdated, poorly organized, and in need of reform.... It is probable that several proposals concerning the Statute of Limitations will be offered to the Legislature. Our Task Force, however, generally prefers the approach taken by the Colorado

Bar Association in a project commenced in 1982.

*Id.* at 50–51. The task force recommended that the General Assembly adopt a uniform time limit and stated:

> Other than agreeing that a one-year interval is too short and a four year interval too long, we have not reached a consensus on a precise time interval. A one-year period is too short for the following reasons:
>
> (a) It would encourage precipitous filing of lawsuits;
>
> (b) It would be inconsistent with our proposed amendment to C.R.C.P. 11, which places greater responsibility on counsel to ascertain that there is a good basis for the suit;
>
> (c) More than one year is often needed to ascertain the extent of injury and damages;
>
> (d) California has a one-year statute, but so many exceptions have been created that it has become virtually unworkable; and
>
> (e) It is desirable to have a "cooling-off period," which a one-year statute of limitations does not permit.

*Id.* at 53. After reviewing the task force's recommendations and the Colorado Bar Association's model statute, the House Judiciary Committee incorporated large portions of the Colorado Bar Association's proposed statute into Senate Bill 69.[6] One of the proposals the General Assembly adopted was a three-year period of limitations for claims commenced pursuant to the No–Fault Act. Thus, the legislative history of the relevant statutes indicates that General Assembly adopted the recommendations of the task force and the Colorado Bar Association and

---

Any action brought pursuant to this article shall be commenced within the time period provided for *that type of action* in articles 80 and 81 of title 13, C.R.S., relating to limitation of actions, or it shall be forever barred.... (Emphasis added.) This language indicates that a court determines the proper limitation period by looking at the "type of action," not the status of the defendant. Thus, the rule of construction that promotes harmonizing statutes indicates that because the Reiders' *type of action* is a tort action pursuant to the No–Fault Act, the three-year statute of limitations in § 13–80–101(1)(j) is the controlling time limit.

6. Richard Laugesen, who was a member of the task force and helped draft the Colorado Bar Association's proposed statute on limitation of actions, testified before the House Judiciary Committee. He explained that the task force had rejected a one-year statute of limitations specifically because of statutes like the No–Fault Act. Laugesen noted that the No–Fault Act has threshold requirements and that one year is an insufficient time period to allow plaintiffs to meet these threshold requirements. Hearings on S.B. 69 before the House Judiciary Committee, 55th Gen.Assembly, 1st Reg.Sess. (audio tape, March 11, 1986, at 3:20–4:43).

rejected a one-year statute in the context of no-fault claims.

In addition, the assertion that the General Assembly intended to apply a different period of limitations for claims against a sheriff commenced under the No–Fault Act is contravened by language in section 13–80–102(h), 6A C.R.S. (1986). This section provides a two-year period of limitation on: "All actions against any public or governmental entity or any employee of a public or governmental entity, except as otherwise provided in this section or *section 13–80–103*." In explaining the reference to section 13–80–103 to the House Judiciary Committee, the co-sponsor of Senate Bill 69, Representative Peter Minahan, noted that the drafters had paid attention to cross-referencing the various sections in the statute. He specifically referred to section 13–80–102(h) and indicated that the drafters had cross-referenced section 13–80–103 to establish that section 13–80–103 took priority over section 13–80–102(h). No such indication of priority appears in section 13–80–101(j). If the General Assembly intended to exempt sheriffs from the three-year period of limitation, it could have done so by employing the same language used in section 13–80–102(h).

## C

The purpose of the No–Fault Act also supports the court of appeals holding that section 13–80–101(1)(j) sets forth the controlling statute of limitations in this case. Section 13–80–101(1)(j) should be read in light of the purpose of the No–Fault Act. *Jones*, 828 P.2d at 221. This purpose is set forth at section 10–4–702, 4A C.R.S. (1987):

> The general assembly declares that its purpose in enacting this part 7 is to avoid inadequate compensation to victims of automobile accidents; to require registrants of motor vehicles in this state to procure insurance covering legal liability arising out of ownership or use of such vehicles and also providing benefits to persons occupying such vehicles and to persons injured in accidents involving such vehicles.

In *Jones*, we recognized this purpose and stated:

> [W]e have concluded that to deny an automobile accident victim full tort recovery is contrary to the General Assembly's intent in enacting this section. Tort actions like the one in issue evidently were considered by the legislature to further the legislative objectives of the Act, and thus are allowed under this section. To apply the general two-year statute of limitations, as urged by [the defendant], would have the effect of prohibiting an insured like [the plaintiff] from filing suit unless she meets the requirements of the [No–Fault] Act, while at the same time denying her the benefits of the Act's special statute of limitations. In light of the legislative purpose of fully compensating the victim, this result seems incongruous and contrary to legislative intent.

*Id.* at 222.

Applying the three-year statute of limitations if a plaintiff states a claim for relief under the No–Fault Act is in harmony with the intent of the Act. In this case, allowing the Reiders to proceed if they have a claim under the No–Fault Act is consistent with the policy of fully compensating a victim. The same underlying principle discussed in *Jones*, i.e., that if a plaintiff is constrained by the requirements of the No–Fault Act the plaintiff should receive the benefit of the special statute of limitations that addresses No–Fault claims, is applicable in this case.

In light of the statutory rules of construction applied in *Jones*, the legislative history of the statutes of limitation in issue, and the purpose and policy of the No–Fault Act, it is apparent that the General Assembly adopted a three-year statute of limitations in a very narrow class of claims commenced pursuant to the No–Fault Act. When the General Assembly enacted the comprehensive No–Fault Act it was necessary to provide a uniform basis for addressing claims involving automobiles. The General Assembly did not alter this uniform scheme for claims against sheriffs.

## III

The petitioners also contend that the court of appeals erred in placing the burden on them to establish that Dawson's

vehicle was not insured. The party moving for summary judgment bears the burden of establishing the lack of a triable issue of fact. *See, e.g., Thompson v. Public Serv. Co.,* 800 P.2d 1299, 1306 (Colo.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 452, 116 L.Ed.2d 469 (1991). The court of appeals did not shift the burden of proving whether Dawson's vehicle was or was not insured; the court applied the standard applicable in summary judgment motions. Because the issue of whether Dawson's vehicle was insured is a factual issue, the court of appeals correctly reversed the trial court's summary judgment.

## IV

The rules of statutory construction applied in *Jones,* the legislative history of the relevant statutes, and the purpose and policy of the No–Fault Act mandate that if the Reiders have stated a claim for relief under the No–Fault Act, and are subject to the requirements of the Act, the Reiders receive the benefit of the Act's special three-year statute of limitations. Accordingly, we affirm the judgment of the court of appeals and return this case to the court of appeals with instructions to remand to the trial court for further proceedings consistent with this opinion.

ROVIRA, C.J., dissents.

Chief Justice ROVIRA; dissenting.

This case presents the question of what statute of limitations is applicable when a personal injury action is brought against a sheriff's officer for his alleged negligence in the operation of an automobile. The majority holds that "the reasoning and principles set forth in *Jones* dictate that the Reiders are entitled to the benefit of the longer statute of limitations contained in the No–Fault Act if they have set forth a claim for relief under the No–Fault Act." Maj. op. at 214. In my opinion, neither our holding in *Jones v. Cox,* 828 P.2d 218 (Colo.1992), nor the legislative history identified by the majority, supports this conclusion. Because several well-settled principles of statutory construction mandate a contrary conclusion, I dissent.

## I

Section 13–80–103, 6A C.R.S. (1987), provides in pertinent part:

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter:

. . . .

(c) *All actions against sheriffs,* coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority. . . .

(emphasis added). Section 13–80–101(1)(j), 6A C.R.S. (1987), provides:

The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter:

(j) *All actions under the "Colorado Auto Accident Reparations Act",* part 7 of article 4 of title 10, C.R.S. . . . .

(emphasis added). Both of these provisions were enacted in Senate Bill No. 69 by the General Assembly in 1986. *See* Ch. 114, sec. 1, §§ 13–80–101 & –103, 1986 Colo.Sess.Laws 695, 695–96.

Assuming that the Colorado Auto Accident Reparations Act, §§ 10–4–701 to –723, 4A C.R.S. (1987) (the No–Fault Act), is applicable to this case, it is clear that there is a potential conflict between the two. In light of this conflict, the majority correctly states that our task is to construe the intent of the General Assembly to determine which statute of limitations is to apply. Maj. op. at 213–214. The majority concludes that the three rules of statutory construction referenced in *Jones* mandate that the three-year statute of limitations takes precedence over the one-year statute of limitations.

## A

In *Jones,* we addressed the question of the applicable statute of limitations for actions brought under the No–Fault Act and concluded that the more specific provisions of section 13–80–101(1)(j), which governs all actions brought under the No–Fault Act, con-

trols over the more general provisions of section 13–80–102(1)(a), which governs all tort actions generically. *Jones*, 828 P.2d at 223. We based this holding on the rule of statutory construction which provides that in the case of conflict, a more specific statute controls over a more general one. *Id.* at 223.

In the course of reaching that conclusion, we recognized that "[a]t least one other jurisdiction also has held that the longer statute of limitations provided for actions under the state No–Fault Act, rather than the shorter general tort statute of limitations," is applicable when the two apparently conflict. *Id.* at 222 (citing *Troxell v. Trammell*, 730 S.W.2d 525 (Ky.1987)). We then quoted the following passage from *Troxell*:

> The one-year personal injury statute of limitations is a *general* statute of limitations [and it] does not speak to motor vehicle accidents as such.... On the other hand, KRS 304.39–230(6) is a *special* statute of limitations ... applicable to the rights and liabilities of motor vehicle accident victims. Our rules of statutory construction are that a special statute preempts a general statute, that a later statute is given effect over an earlier statute, and that because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable.

*Jones*, 828 P.2d at 223 (quoting *Troxell*, 730 S.W.2d at 528).

I agree with the majority that two of the three principles of statutory construction identified by the *Troxell* court are inapposite here: both the specificity rule of construction [1] and the later-in-time rule of construction [2] are not helpful in resolving this case.

Maj. op. at 214. I disagree, however, with the majority's conclusion that "the third principle [of construction identified by the Kentucky Supreme Court] establishes that section 13–80–101(1)(j) sets forth the controlling statute of limitations" in this case. Maj. op. at 214.

First, it is important to note that the holding of *Jones* was not premised on the principle of construction that a longer statute of limitations should prevail where two conflict because statutes of limitations are in derogation of a presumptively valid claim. In fact, the only reference to this rule of construction that appears in *Jones* is that made by the Kentucky Supreme Court in the passage quoted above. In spite of the fact that the majority cites to several opinions from other jurisdictions which apply this same rule of construction, maj. op. at 214, that rule was not applied in *Jones* and, more significantly, is a rule of construction that is in direct conflict with the recognized law of Colorado.

In *Oberst v. Mays*, 148 Colo. 285, 365 P.2d 902 (1961), the plaintiff argued that the thirty-day statute of limitations for challenges to a land assessment did not bar his claim because the period of limitations was so short as to be unreasonable. We rejected this claim based solely on the following principle:

> The modern tendency is to look with favor upon statutes of limitations, which are considered wise and beneficent in their purpose and tendency, are looked upon as statutes of repose, and are held to be rules of property vital to the welfare of society (43 Am.Jur., p. 24, § 14), and while formerly looked upon with disfavor and strictly

---

**1.** This rule of construction is not helpful in resolving the question presented here because the one-year statute of limitations is at once more specific and more general than the three-year statute of limitations. It is more specific in the sense that it defines precisely the class of defendants to which it applies (i.e., sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority), whereas the three-year statute of limitations applies regardless of whom suit is brought against. The one-year statute of limitations is more general than the three-year in that it applies to all actions

brought against the defined class of defendants, as opposed to applying only to those actions brought under the No–Fault Act.

**2.** While the one-year statute of limitations for actions against sheriffs has existed since the nineteenth-century, both the one-year statute and the three-year statute were repealed and reenacted in 1986. *See supra* p. 213. Thus, the rule of statutory construction that a later enacted statute should take precedence over a previously enacted law is irrelevant in this case—both statutes were enacted contemporaneously.

construed, the present judicial attitude is that of liberal construction.

*Oberst,* 148 Colo. at 292–93, 365 P.2d at 906 (quoting *Van Diest v. Towle,* 116 Colo. 204, 179 P.2d 984 (1947)). *See also Chuchuru v. Chutchurru,* 185 F.2d 62, 64 (10th Cir.1950) ("Colorado courts look with favor upon statutes of limitations and construe them liberally"); *Ciancio v. Serafini,* 40 Colo.App. 168, 170, 574 P.2d 876, 877 (1977) (statutes of limitations are favored in the law and exceptions are to be strictly construed).

The principle that statutes of limitations are *not* inherently suspect, but looked upon with favor in Colorado has particular force in the context of claims against governmental defendants because statutes of limitation must be strictly construed in favor of the government where the government is a defendant. *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1956); 54 C.J.S., *Limitation of Actions* § 19 (1987). One of the reasons this rule is especially warranted when the government is a defendant was succinctly stated by this court in *People v. Cramer,* 15 Colo. 155, 158, 25 P. 302, 302 (1890), where we observed, in reference to the one-year statute of limitations applicable to sheriffs, that,

> [t]he provision is evidently framed in the interest of the officers mentioned, and their bondsmen. Its purpose is to prevent annoyance and injustice through the prosecution against them of stale demands predicated upon official neglect or other misconduct.

The principle of construction that when two statutes of limitations are in conflict, the longer is to apply, was not relied on in *Jones* and is contrary to the law of Colorado—particularly when a governmental entity or employee is the defendant in a suit. Thus, this rule does not support the conclusion that the three-year statute of limitations must apply in this case.

### B

After holding that the three-year statute of limitations applies based on the aforementioned rule of construction, the majority adds that its holding is in harmony with the Governmental Immunity Act (GIA), section 24–10–109(5), 10A C.R.S. (1987). Maj. op. at 214 n. 5. That section provides that "[a]n action brought pursuant to [the GIA] shall be commenced within the time period provided for that *type of action* in articles 80 and 81 of title 13, C.R.S., relating to limitations of actions, or it shall be forever barred...." (emphasis added). The majority argues that because this section refers to the "type of action," and not the status of the defendant, the three-year statute of limitations applies. *Id.* I disagree.

First, it is important to recognize that a given "type of action" could be defined by reference to either the subject matter of that action, or the defendant to that action. That is to say, the phrase "type of action" as used in section 24–10–109(5), does not refer unambiguously to the subject matter of a particular action. In this respect, section –109(5) differs from several other sections of the GIA which use the phrase "type of action" in conjunction with the phrase "actions which lie or could lie in tort," and thus, clearly use the phrase to refer to the subject matter of the action. *See* § 24–10–102, 10A C.R.S. (1987) (applying to "actions which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant"); § 24–10–103(2) (same); § 24–10–105 (same); § 24–10–106(1) (same); § 24–10–118(1)(a) (same).

The same does not hold true for section –109(5). Had the legislature intended to refer to the subject matter of an action in section –109(5), it simply could have used that phrase in the same manner it is used in other sections of the GIA. The fact that the legislature did not do so, however, strongly suggests that it intended to use the phrase differently in section –109(5) from the way it is used in the other sections. Alternatively, if the General Assembly intended to refer to the subject matter of the action in section –109(5), it could have borrowed the language used throughout article 80 to so indicate, i.e., "the theory upon which suit is brought." *See,* §§ 13–80–101 –103, 6A C.R.S. (1987).

Though the legislature has, in other sections, used the phrase "type of action" in a way which clearly indicates its intention to

refer to the subject matter of the action, it declined to do so in section –109(5) and instead used only the generic term "type of action." Assuming that the General Assembly did this for a reason, the most obvious explanation for this language choice is that actions are defined in article 80 based on either the subject matter of, or the defendant to a given action. *Compare* § 13–80–101, 6A C.R.S. (1987) (limiting actions based on, among others, theories of contract, fraud, and breach of fiduciary duty) and § 13–80–102(a) & (b) (limiting actions based on theories of tort and strict liability) *with* § 13–80–102(c) & (f) (limiting any actions against, among others, hospitals, nurses, dentists, and a public or governmental entity or employee thereof for which insurance coverage is provided) and § 13–80–103(1)(c) (limiting actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority).

Since the General Assembly incorporated article 80 into the GIA, and did not expressly state that only some portions of article 80 are to apply under the Act, the most natural reading of section –109(5) is that it refers either to the subject matter of, or the defendant to a given action—depending on the dictates of article 80. Thus, I do not believe that application of the three-year statute of limitations is necessarily harmonious with the provisions of the GIA.

### C

The majority also adds that the legislative history of the two statutes of limitations support its conclusion. *See* maj. op. at 215–216. I fail to see how.

The majority first notes that the General Assembly, in revising the periods of limitations applicable to civil actions, adopted *in large part* the recommendations of the special task force convened to study insurance and tort liability. The majority then quotes the task force's recommendation that the General Assembly not adopt a one-year statute of limitations for all tort actions because such a period was regarded as being too short. *See* maj. op. at 215. The majority correctly notes that the legislature adopted a three-year statute of limitations for, among

others, actions brought under the No–Fault Act. What the majority fails to point out, however, is the fact that the General Assembly did not adopt the task force's recommendation that a three-year statute of limitations apply to all actions against sheriffs. Special Task Force on Tort Liability and Insurance, *Liability Insurance and the Law of Torts in Colorado, Problems and Remedies* F–2 (1986).

Thus, in my opinion, the recommendations of the task force, insofar as they reveal anything concerning the legislative intent in revising the statutes of limitations applicable to civil actions, does not support the conclusion that the three-year statute of limitations was intended to apply to all actions brought under the No–Fault Act. Given that the General Assembly rejected the task force's recommendation that a three-year statute of limitations should apply to all actions against sheriffs, but adopted the recommendation that such a period should apply to actions under the No–Fault Act, the legislative history is at best, inconclusive with respect to the question presented here.

### D

The majority also argues that the provisions of section 13–80–102(h), 6A C.R.S. (1986), support the conclusion that the three-year statute of limitations is to apply to actions brought against sheriffs under the No–Fault Act. Maj. op. at 216. I am not persuaded.

That section provides a two-year statute of limitations for "[a]ll actions against any public or governmental entity or any employee of a public or governmental entity, *except as otherwise provided* in this section or section 13–80–103." Section 13–80–102(h), 6A C.R.S. (1986) (emphasis added). The majority observes that the cross-reference to section 13–80–103 was intended to establish that that section would take priority over the time limitation of section 13–80–102(h) in the event that the two conflict. Maj. op. at 216. Thus, the majority concludes that because no similar indication of priority appears in the three-year statute of limitations governing claims under the No–Fault Act, it follows, by

implication, that the three-year statute of limitations is to apply when other provisions, such as the one-year statute, arguably also apply.

It is undoubtedly true, however, that this exact reasoning could be used to support the opposite conclusion: because no expression of priority appears in the one-year statute of limitations governing actions against sheriffs, it follows, again by implication, that that statute is to take priority over the three-year statute when the two conflict. In short, the provisions of section 13–80–102(h), and implications that may be drawn therefrom, are not particularly helpful in resolving the question presented.

### E

Finally, the majority argues that the purpose of the No–Fault Act supports the conclusion that the three-year statute of limitations applies in this case by noting that the intent of the legislature in enacting the No–Fault Act was to fully compensate victims of automobile accidents. Maj. op. at 216–217. The majority concludes that allowing this case to go forward, rather than dismissing it as barred by the one-year statute of limitations, is consistent with the policy of the No–Fault Act presumably because respondents may receive some compensation if their case is allowed to proceed. In my judgment, this begs the question of which statute of limitations is to apply in this case.

The majority surely does not believe that the policy of fully compensating victims should be pursued without regard to the applicable procedural requirements for bringing a legal action under the No–Fault Act; the opposite must be true. The question here is what those procedural requirements are, and the policy of full compensation has nothing to do with determining the requirements that must be followed in order for an aggrieved party to pursue that policy.

In sum, the authority relied on by the majority in support of its conclusion is either contrary to the law of Colorado or not helpful in resolving the question presented. In my opinion, this case requires that we look to other familiar rules of statutory construction to resolve the apparent conflict between the statutes.

### II

In construing a statute, interpretations that render statutory provisions superfluous should be avoided. *Colorado General Assembly v. Lamm,* 700 P.2d 508, 517 (Colo. 1985). In determining the scope and meaning of a statute, courts must try to interpret statutes to give consistent, harmonious, and sensible effect to all of its provisions, *Adams County School District No. 50 v. Dickey,* 791 P.2d 688 (Colo.1990), and will strive to harmonize laws that are in apparent conflict. *People v. District Court,* 834 P.2d 236 (Colo. 1992); *City of Ouray v. Olin,* 761 P.2d 784 (Colo.1988). Finally, it is presumed that the General Assembly acts with full knowledge of existing decisional and statutory law, *Ingram v. Cooper,* 698 P.2d 1314 (Colo.1985); *Smith v. Miller,* 153 Colo. 35, 39, 384 P.2d 738, 740 (1963), and courts should not presume that the legislature intended to repeal or abrogate existing law absent an express intent to do so. *People v. James,* 178 Colo. 401, 404, 497 P.2d 1256, 1257 (1972); *People v. Burke,* 185 Colo. 19, 22, 521 P.2d 783, 785 (1974).

Based on these rules of construction, I conclude that the one-year statute of limitations, which applies to a particular class of defendants regardless of the subject matter of the dispute, prevails over the three-year statute which applies to a particular subject matter, regardless of the defendant. To hold otherwise would violate each canon of statutory construction cited above.

First, to conclude that the three-year statute takes precedence over the one-year statute would so severely limit the application of the one-year statute as to render it all but superfluous. The three-year statute of limitations for actions under the No–Fault Act is only one of many statutes of limitations that apply generally to suits involving a particular subject matter. For instance, there are statutory provisions which establish a two-year statute of limitations for all tort actions (including claims for negligence, trespass, malicious abuse of process, malicious prosecution, and outrageous conduct), and all actions for wrongful death. §§ 13–80–102(1)(a) & (d),

6A C.R.S. (1987). Similarly, there is a three-year statute of limitations for all actions involving fraud or breach of contract. § 13–80–101(1)(a) & (b), 6A C.R.S. (1987). In my opinion, there is no basis by which to distinguish these statutes from the three-year statute of limitations at issue here: all of them provide a time frame for bringing *any action* involving a particular subject matter (and neither the text nor history of the No–Fault Act serves to distinguish it from these other provisions). While a sheriff presumably could be sued in his official capacity under theories other than those referred to above, excluding all actions premised on these theories of recovery from those covered by the one-year statute of limitations would, for the most part, eviscerate the applicability of the statute.[3] Thus, to conclude that a statute of limitations which governs suits involving a particular subject matter take precedence over the one-year statute of limitations, would render the later statute nearly inoperative.

Furthermore, the plain language of the one-year statute of limitations cannot be read to support the contention that the General Assembly intended it to have such limited application. The broad phrase "all actions against sheriffs" simply does not reasonably permit such a conclusion. Therefore, in order to avoid rendering the one-year statute inoperative, it must preempt the three-year statute when the two conflict. *Cf. Colorado General Assembly v. Lamm,* 700 P.2d 508, 517 (Colo.1985).

This interpretation also conforms to the rule of statutory construction that when two statutes conflict, courts should strive to harmonize them. *People v. District Court,* 834 P.2d 236 (Colo.1992); *Adams County Sch. Dist. No. 50 v. Dickey,* 791 P.2d 688 (Colo. 1990); *City of Ouray v. Olin,* 761 P.2d 784 (Colo.1988). Concluding that in the case of conflict the one-year statute prevails, gives full effect to the one-year statute of limitations. It applies, as its language dictates, to "all actions against sheriffs." At the same time, the three-year statute of limitations is still fully applicable in all cases in which it does not conflict with a statute that applies to all actions against a particular type of defendant. While this does not render the three-year statute applicable to all actions under the No–Fault Act, the statute still retains broad applicability and effect. Thus, while one statute must necessarily give way to the other when the two conflict, holding that the one-year statute governs, best harmonizes the two because one statute is given full effect, while the other, though limited, retains a large measure of its scope. To hold otherwise would, as previously noted, give full effect to the three-year statute but would eviscerate the applicability of the one-year statute.

Concluding that the one-year statute of limitations prevails over the three-year statute comports with our presumption that the General Assembly acts with full knowledge of existing laws and precedent, and does not intend to abrogate that law in the absence of a clear expression of intent to the contrary. Colorado has been governed by a one-year statute of limitations for all actions against sheriffs for over a century. *See People v. Cramer,* 15 Colo. 155, 25 P. 302 (1890) (applying one-year statute of limitations for actions against sheriffs), and this statute has been applied regardless of the theory upon which suits against sheriffs have been brought.[4] For example, in *People v. Putnam,* 52 Colo. 517, 122 P. 796 (1912), the court rejected the Elbert County Commissioners' argument that the suit brought against a former sheriff

---

**3.** It is important to recognize that actions brought against sheriffs under 42 U.S.C. § 1983 will never trigger application of the one-year statute of limitations. Rather, the two-year residual statute of limitations provided in section 13–80–102(1)(i), is specifically applicable to all claims brought under 42 U.S.C. § 1983. *See Owens v. Okure,* 488 U.S. 235, 247 n. 10, 250, 109 S.Ct. 573, 580 n. 10, 582, 102 L.Ed.2d 594 (holding that "courts considering § 1983 claims should borrow the general or residual statute [of limitations] for personal injury actions" and not-ing that section 13–80–102(1)(i) is Colorado's residual statute of limitations). *See also Stump v. Gates,* 777 F.Supp. 808 (D.Colo.1991); *Riel v. Reed,* 760 F.Supp. 852 (D.Colo.1991); *Dillingham v. University of Colo. Bd. of Regents,* 790 P.2d 851 (Colo.App.1989).

**4.** Indeed, I am aware of no cases brought against a sheriff where the one-year statute of limitations was not applied.

and his bondsmen for the sheriff's alleged failure to turn over certain fees he collected to the County should be governed by the six-year statute of limitations governing actions of debt founded on contract and instead, held that the one-year statute of limitations applicable to "[a]ll actions against sheriffs" applied. *Id.* at 796. *See also Bailey v. Clausen,* 192 Colo. 297, 557 P.2d 1207 (Colo.1976); *Mosher v. City of Lakewood,* 807 P.2d 1235 (Colo.App.1991); *Cain v. Guzman,* 761 P.2d 295 (Colo.App.1988) (one-year statute applicable to suits against sheriffs for automobile accidents they cause).

It is presumed that the General Assembly was fully aware of this law when the No-Fault Act became effective in 1974. *See* § 10–4–723, 4A C.R.S. (1987). Nowhere in the No–Fault Act, or the statute of limitations governing actions brought under the No–Fault Act which was enacted in 1986, is there any indication that the legislature intended to abrogate the decisional law applying the statute of limitations governing actions against sheriffs for purposes of the No–Fault Act. Because no such expression of intent exists, it is presumed that the legislature did not intend to abrogate the law as it existed prior to the passage of the No–Fault Act. *People v. James,* 178 Colo. 401, 404, 497 P.2d 1256, 1257 (1972); *People v. Burke,* 185 Colo. 19, 22, 521 P.2d 783, 785 (1974).[5]

Finally, statutes of limitations are looked upon with favor in Colorado, *Chuchuru v. Chutchurru,* 185 F.2d 62 (10th Cir.1950); *Oberst v. Mays,* 148 Colo. 285, 365 P.2d 902 (1961), *Van Diest v. Towle,* 116 Colo. 204, 179 P.2d 984 (1947); *Ciancio v. Serafini,* 40 Colo. App. 168, 574 P.2d 876 (1977), and are to be strictly construed in favor of the government when it is a defendant. *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1956); *People v. Cramer,* 15 Colo. 155, 25 P. 302 (1890); 54 C.J.S., *Limitation of Actions* § 19 (1987).

Guided by these well-settled rules of statutory construction, I would hold that the one-year statute of limitations, which applies to a particular class of defendants regardless of the subject matter of the dispute, prevails over the three-year statute which applies to a particular subject matter, regardless of the defendant.

### III

Accordingly, I would hold that the one-year statute of limitations set forth in section 13–80–103(1)(c), 6A C.R.S. (1987), prevails over section 13–80–101(1)(j), 6A C.R.S. (1987), in the case of an apparent conflict between the two. Because I would hold that respondents' claims are barred by the statute of limitations, I would conclude that the issue addressed in part III of the majority opinion is moot, and need not be addressed.

---

5. It is noteworthy, however, that when the General Assembly repealed and reenacted the one-year statute in 1986, *see* Ch. 114, sec. 1, § 13–80–103(1)(c), 1986 Colo.Sess.Laws 696, it did not limit its scope in the wake of our precedent but instead, broadened it. *Compare* § 13–80–103(1)(c), 6A C.R.S. (1987) ("[a]ll actions against sheriffs....") *with* § 13–80–103, 6 C.R.S. (1973)

("[a]ll actions against sheriffs and coroners upon any liability incurred by them by the doing of any act in their official capacity or by the omission of any official duty, except in relation to accounting to the county for fees earned or collected, and except for escapes, shall be brought within one year....").